```
                    IN THE UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF ARKANSAS
                            CENTRAL DIVISION

 VERONICA GRAY, ALISON MILLER,
 AND VICKY LAWRENCE,                    No. 4:23CV00630-LPR

      Plaintiffs,

 v.                                     March 24, 2025
                                        Little Rock, Arkansas
                                        9:11 a.m.
 MINUTE CLUB LLC AND
 ANDY WITTCHOW,

                 Defendants.


  PARTIAL TRANSCRIPT OF THE MOTION FOR ENTRY OF DEFAULT JUDGMENT
             BEFORE THE HONORABLE LEE P. RUDOFSKY
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

On Behalf of the Plaintiffs:

         MR. CHRISTOPHER WESLEY BURKS, Attorney At Law
           PUNCHWORK, PLC
           One Riverfront Drive, Suite 745
           North Little Rock, Arkansas  72114
```

Proceedings reported by machine stenography.  Transcript prepared utilizing computer-aided transcription.

Lorie Kennedy, RMR, CRR, CRC, United States Court Reporter
lorie_kennedy@ared.uscourts.gov (501)604-5165

1        (Partial transcript:  Court's Ruling)
2             THE COURT:  In that case, with apologies for this
3   being long, like I said, I would like to get you an order today
4   as opposed to having to write something, which given my
5   schedule, will take some considerable time, so just bear with
6   me.
7        This is going to be an order granting the motion for entry
8   of default judgment.  The court reporter is going to transcribe
9   this, and then I am going to actually file it on the record
10  because I believe, under the rule, it needs to be a written
11  order; that will serve as the written order.
12       Now, before the Court is Plaintiffs' motion for default
13  judgment, which is supported -- to be fair, when I say
14  Plaintiffs here, I am referring specifically at this point to
15  Ms. Miller and Ms. Gray.  I am not referring to Ms. Lawrence.  I
16  will deal with Ms. Lawrence later by name.
17       Now, before the Court is Plaintiffs' motion for default
18  judgment, which is supported by both Plaintiffs' sworn
19  declarations and their testimony here at the hearing today.
20  These declarations and the testimony at the hearing state the
21  facts and circumstances surrounding both Plaintiffs' employment
22  with Defendants Minute Club LLC and Andy Wittchow.  I guess, I
23  don't know exactly how to pronounce that.  I'm going to call him
24  Andy W, but it's W-i-t-t-c-h-o-w, and I'm going to calculate the
25  damages owed for alleged violations of the Fair Labor Standards

1   Act by reference to the sworn declarations as well as the
2   testimony I have heard here today.
3        I should say I find the testimony I heard here today
4   credible and well supported, and I also find the testimony
5   explained any concerns I had with potentially conflicting parts
6   of the affidavits, or I should say, the declarations or
7   potentially omissions from the declarations.  The amended
8   complaint, Doc. 4, explains that each Plaintiff, the two
9   Plaintiffs here, was employed by Defendants as hourly employees
10  at the fast casual restaurant the Defendants operated in
11  Mountain View, Arkansas, during some part of the three-year
12  period prior to the filing of the original complaint.  In terms
13  of the particular claims, let me say the following:
14       Plaintiffs Alison Miller and Veronica Gray worked for
15  Defendants for approximately seven months from June 1, 2022,
16  through December 29, 2022.  Miller and Gray originally worked
17  approximately or on average 40 hours a week preparing the
18  restaurant for its opening and doing various other tasks.  They
19  were each paid, when they were paid, a flat weekly rate
20  regardless of the number of hours worked.  The restaurant opened
21  on August 18, 2022.  After the restaurant opened, their hours
22  increased.
23       From August 18, 2022, until December 29, 2022, Miller and
24  Gray worked an average of 65 hours per week.  I think that's
25  well supported now given the declarations and the testimony.

1  It's certainly supported enough that it meets the Eighth Circuit
2  test for support in this situation.  In November 2022, Wittchow
3  stopped paying Miller the wages she was owed, telling her he had
4  cash flow problems and would pay her the money on a later date,
5  but I should be clear, he did not pay at all, ever, in terms of
6  overtime during that period.
7       Gray reports that throughout her employment, Defendants
8  never paid her the flat weekly rate she was promised, instead
9  paying her just enough to cover her weekly bills to keep her
10 from quitting.  Neither Miller nor Gray were paid an overtime
11 premium for the hours they worked over 40 in a work week.
12 Miller and Gray quit on December 29, 2022, when Wittchow
13 continually failed to pay them and they got COVID.  And there's
14 probably a longer story there, but I think it's irrelevant to
15 the decision I have to make here.
16      I guess one thing I do want to say that came out from the
17 testimony is, unlike the declarations and the exhibit to the
18 declaration, which asked for overtime from between August 18,
19 2022, to December 29, 2022, it now has become clear that in that
20 last week, neither of the two Plaintiffs worked over 40 hours,
21 so this only runs through December 22, 2022, instead of
22 December 29, 2022.
23      Miller and Gray are owed an overtime premium for the hours
24 they worked over 40 in a work week as they were misclassified as
25 salaried employees.  From August 18, 2022, to December 22, 2022,

1   Miller and Gray are owed for 25 hours of overtime for each week,
2   totaling actual damages in the amount of $7,425 per Plaintiff
3   and liquidated damages in the same amount.
4       Now, as to Plaintiff Vicky Lawrence, Plaintiff Lawrence has
5   not shown up today.  This is the third Plaintiff that I said I
6   would talk about by name.  She has not shown up today.  As
7   you've heard in my colloquy with Plaintiff's counsel, there are
8   holes and concerns that I have in her declaration that do not
9   let me get to her damages award and award her any damages
10  without further testimony.  I'm, therefore, going to deny as to
11  her the motion for default judgment.  However, I'm going to deny
12  without prejudice, and if she wants to re-raise the motion for
13  default judgment, she can do so at the appropriate time.
14      I will say I think given where we are at procedurally, it
15  makes sense for this to be a 54(b) judgment such that the two
16  Plaintiffs that are here, not only am I going to enter judgment
17  for them, but I'm going to actually make that judgment
18  effective.  We're not going to wait to see what happens with
19  Ms. Lawrence.  So once I enter judgment for the two Plaintiffs,
20  that judgment is going to be effective.  My intent is to have it
21  be effective as a 54(b).
22      Okay.  Plaintiffs Gray and Miller filed the original
23  complaint on July 6, 2023, against Defendant Minute Club LLC,
24  Minute Club LLC's registered agent, president, and owner Andy
25  Wittchow.  Andy Wittchow is the agent for Minute Club LLC, was

1    personally served with the complaint and summons on July 7,
2    2023.  Plaintiffs Gray, Miller, and Lawrence -- but I'm just
3    going to deal with Gray and Miller, filed the first amended and
4    substituted complaint on September 13, 2023, against Defendant
5    Minute Club LLC and Andy Wittchow.  Separate Defendant Andy
6    Wittchow was personally served with the amended complaint and
7    summons on September 26, 2023.  Andy Wittchow is the registered
8    agent for the Minute Club LLC, was personally served with the
9    amended complaint and summons on January 4, 2024.
10          So let me go back for a second and make sure I'm clear
11   about that.  The original complaint -- well, let me look for a
12   second.  The original complaint was just against Minute Club
13   LLC.  The amended complaint was against both Minute Club LLC and
14   Andy Wittchow, but everything else I said was accurate in terms
15   of Wittchow being served as the registered agent, president, and
16   owner with the original complaint as well.  Andy Wittchow's
17   deadline to answer the amended complaint was October 18, 2023.
18   Minute Club LLC's deadline to answer the original complaint was
19   July 31, 2023, and its deadline to answer the amended complaint
20   was January 26, 2024.
21          Defendants did not file answers, did not request an
22   extension of time, and have not otherwise appeared in this
23   matter.  As we heard today, Mr. Wittchow knew that this hearing
24   was going on today and chose not to attend.  It is within the
25   Court's discretion to determine whether a default judgment

1  should enter under Rule 55(b)(2).  As a consequence of default,
2  Defendant is deemed to have admitted the factual allegations in
3  the operative complaint.
4      While the factual allegations are going to be taken as
5  true, Plaintiff must prove the allegations regarding the amount
6  of damages he or she is owed to a reasonable degree of
7  certainty.  Having considered the entire record in this case,
8  including today's hearing and testimony, the Court orders that
9  the Plaintiffs' motion for default judgment should be and hereby
10 is granted as to the two Plaintiffs Ms. Miller and Ms. Gray.
11 And as I said, it's denied without prejudice as to Ms. Lawrence.
12     The two Defendants that this is being granted to -- sorry,
13 the two Defendants, meaning the restaurant and Mr. Wittchow, so
14 Minute Club and Mr. Wittchow, were appropriately served with the
15 summons and amended complaint but did not file an answer.  In
16 view of the Defendants' default, the allegations in the amended
17 complaint are assumed true.
18     The Court further finds that Ms. Miller and Ms. Gray's
19 sworn declarations supported and supplemented by their testimony
20 here today, and include detailed calculations for damages, all
21 of that as I've discussed previously establish to a reasonable
22 degree of certainty the amount of unpaid wages and overtime that
23 they are owed.  The FLSA also entitles each Plaintiff to an
24 amount of liquidated damages equal to the amount owed in unpaid
25 wages and overtime.  The Court notes that the complaint

1  certainly argued -- or I should say asserted, that both
2  Defendants knew that they were not paying the overtime to
3  Plaintiffs, that the overtime -- that the Plaintiffs deserved.
4      In addition, the facts that I have heard today, plus the
5  facts in the declaration, certainly give me enough basis to
6  conclude, especially in light of the allegations in the
7  complaint, that both Defendants knew and intentionally -- knew
8  they were violating and intentionally violated the FLSA with
9  respect to overtime payments to the two Plaintiffs.  The Court,
10 therefore, concludes that Defendants jointly and severally owe
11 Plaintiffs the following:
12     Plaintiff Alison Miller:  $7,425 in actual damages and
13 $7,425 in liquidated damages.
14     Plaintiff Veronica Gray:  $7,425 in actual damages and
15 $7,425 in liquidated damages.
16     I have already dealt with Plaintiff Vicky Lawrence in terms
17 of denying without prejudice the motion for default judgment.
18     Therefore, if my math is correct -- well, in fact, I'm not
19 even going to worry about my math.  Mr. Burks, what is your
20 math?  What's the total amount of damages here?  So I think it's
21 7,425 times four?
22         MR. BURKS:  Your Honor, I have that as $29,700.
23         THE COURT:  The total amount of damages is $29,700.
24 As Plaintiffs have prevailed in this lawsuit, the FLSA entitles
25 them to receive reimbursement for all reasonable attorneys' fees

1  and costs they incurred in prosecuting this action.
2  Accordingly, the Court direct Plaintiffs' counsel to file a
3  motion for reimbursement of fees and costs within 30 days from
4  the date of this order.
5       Mr. Burks, you need to make sure that to the extent you can
6  separate it, you are only filing for costs and fees that are
7  related to the two Plaintiffs that are here today and not
8  related to Ms. Lawrence.
9       Let me ask you, Mr. Burks, so I have here in this little
10 script of mine that the Court will refrain from entering a final
11 judgment until after the motion for fees and costs is resolved.
12 Do you want it that way or do you want me to enter final
13 judgment and then just sort of, you know, say that you can file
14 a motion for fees and costs afterwards?
15          MR. BURKS:  I have no preference, Your Honor.
16          THE COURT:  Do your clients have a preference?  You
17 can talk to them off the record if you want.
18          MR. BURKS:  Your Honor, just thinking out loud with
19 the Court, it may be faster for my clients if judgment is
20 entered now, so I think they would prefer that.
21          THE COURT:  That's what I was thinking, so that's the
22 way we'll do it.
23      Okay.  So I think I can stop there, but let me ask you.  I
24 know that was a mouthful.  Mr. Burks, anything you think I have
25 left out that I need to address or need to say?  I know, you

1    know, some of this is substance, but some of this tends to be
2    magic words, too, so I want to make sure you feel like I've
3    dotted my Is and crossed my Ts.
4             MR. BURKS:  No, Your Honor, nothing that we think
5    you've left out.
6             THE COURT:  Are you sure?
7             MR. BURKS:  Yes, Your Honor.  I mean, for your clerks,
8    I think you've summarized the record well and used the correct
9    language according to my understanding of the law.
10            THE COURT:  In that case, anything else before we
11   adjourn?
12            MR. BURKS:  Nothing from us, Your Honor.
13            THE COURT:  Okay.  What you will see in fairly short
14   order is you will see me file on the docket this portion of the
15   transcript.  So the ruling portion of the transcript, as soon as
16   it's done, which will probably be a day or two or three, I will
17   file that.
18        Now, if you all want the transcript, you still need to
19   order the transcript from the court reporter like normal, but
20   the ruling portion of it will be filed on the docket and then
21   you will see very quickly that followed up with an actual
22   enforceable judgment.  Okay, Mr. Burks?
23            MR. BURKS:  Thank you, Your Honor.
24            THE COURT:  Okay.  Very good.  We're adjourned.
25        (Proceedings adjourned at 10:08 a.m.)

```
1                    REPORTER'S CERTIFICATE

2        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
3
     /s/ Lorie E. Kennedy, RMR, CRR, CRC    Date: 03/24/2025
4         United States Court Reporter

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```