## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**VERONICA GRAY, ALISON MILLER,**                         **PLAINTIFFS**
**and VICKY LAWRENCE**

**v.**                                  **Case No. 4:23-cv-00630-LPR**

**MINUTE CLUB LLC and**
**ANDY WITTCHOW**                                          **DEFENDANTS**

## <u>ORDER</u>

Plaintiffs brought this case against Defendants under the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA).[1]  On March 24, 2025, the Court entered a partial default judgment against Defendants on all claims brought by Plaintiffs Veronica Gray and Alison Miller.[2]  In that same judgment, the Court invited Ms. Gray and Ms. Miller to file a motion for attorney's fees and costs.[3]  Plaintiffs Ms. Gray and Ms. Miller timely filed that Motion, which is now before the Court.[4]  Those Plaintiffs seek $2,475.00 in attorney's fees and $881.54 in costs.[5]  For the reasons stated below, the Motion is GRANTED in part and DENIED in part.  The Court awards Plaintiffs Ms. Gray and Ms. Miller $2,215.00 in attorney's fees and $881.54 in costs.

## BACKGROUND

Plaintiffs brought this case on July 6, 2023.[6]  Two months later, Plaintiffs filed an Amended Complaint.[7]  After not receiving any response from Defendants, Plaintiffs moved for an entry of

---

[1] *See* Am. Compl. (Doc. 4).

[2] *See* Doc. 23.

[3] *Id.*

[4] Pls.' Mot. for Att'y Fees and Costs (Doc. 26).

[5] *Id.* ¶¶ 5, 7.

[6] Compl. (Doc. 1).

[7] Doc. 4.

clerk's default against both Defendants.[8]    The Clerk eventually entered default as to both Defendants on February 7, 2024.[9]    Shortly after, Plaintiffs moved for a default judgment.[10]    The Court held a hearing on the default-judgment motion (and related damages) on March 24, 2025.[11] Ruling from the bench, the Court granted the Plaintiffs' Motion for Default Judgment and awarded Plaintiffs Ms. Gray and Ms. Miller each $14,850.00.[12]    Based on this decision, the Court entered a partial default judgment such that Ms. Gray and Ms. Miller could pursue attorney's fees and costs.[13]    Subsequently, Ms. Gray and Ms. Miller filed a motion for attorney's fees and costs with attached exhibits.[14]    That Motion—which requests $2,475.00 in attorney's fees and $881.54 in costs—is now before the Court.[15]

---

[8] Pls.' Mot. for Entry of Clerk's Default (Doc. 6).

[9] *See* Clerk's Entry of Default as to Minute Club LLC (Doc. 10-1); Clerk's Entry of Default as to Andy Wittchow (Doc. 11-1).  The request for default was initially denied because of a few service issues.  *See* Dec. 20, 2023 Order (Doc. 7) (denying original Motion for Entry of Clerk's Default for evidentiary and service defects).

[10] Pls.' Mot. for Default J. (Doc. 16).

[11] Doc. 20.

[12] *See* Mar. 24, 2025 Order (Doc. 22) at 8.

[13] *See* Partial J. (Doc. 23).  The Court did not grant a default judgment for the third Plaintiff in this action, Ms. Lawrence.  *Id.*  Because Ms. Lawrence was not granted a default judgment and was later voluntarily dismissed from the case, the Court's instant Order does not apply to her.  *See id.*; Oct. 21, 2025 Order (Doc. 30).  Accordingly, Plaintiffs' attorney was instructed to remove any costs or fees related to Ms. Lawrence and the work done on her behalf to the extent that was possible.  *See* Mar. 24, 2025 Order (Doc. 22) at 9.  After reviewing each entry provided and the totality of the case, the Court concludes that Plaintiffs' attorney appropriately complied with the Court's request.  The hours claimed in Plaintiffs' Exhibit A only reflect hours that were worked either on behalf of all Plaintiffs or on behalf of Ms. Gray and Ms. Miller alone.  *See* Ex. A (Att'y Invoices) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-1).    Ms. Lawrence's name only appears on one entry for 0.3 hours (18 minutes), which reads "Onboarding/resyncing/messaging clients on CS, moving tasks on Miller and Lawrence, holding time for prep appt., tasks." *Id.* at 6.  Because that entry is only for 18 minutes and combines multiple assignments that include Ms. Miller (and potentially all Plaintiffs), the Court will not exclude or reduce this time.  *Id.*

[14] Doc. 26.

[15] *Id.* ¶¶ 5, 7.  Defendants have not submitted any objections or response to the Motion before the Court.

## ANALYSIS

The FLSA provides that a district court "shall, in addition to any judgment awarded[,] . . . allow a reasonable attorney's fee . . . and costs of the action."[16] When determining reasonable attorney's fees under the FLSA, the Eighth Circuit requires district courts to employ the lodestar method.[17] That method involves a simple calculation where the court "multiplies the number of hours worked by the prevailing hourly rate."[18] For the hours-worked figure, the court "should exclude hours that were not reasonably expended from its calculations."[19] And for the prevailing-hourly-rate figure, the court uses "the ordinary rate for similar work in the community where the case has been litigated."[20] After multiplying these figures, the result of this calculation is the lodestar—a starting point that "may be adjusted 'upward or downward on the basis of the results obtained.'"[21]

The Court begins with the number of hours reasonably expended. Plaintiffs claim a total of 18.5 hours worked—14.8 hours by paralegal Sara Cowie, 2.7 hours by Plaintiffs' attorney Chris

---

[16] 29 U.S.C. § 216(b).

[17] *See Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855–56 (8th Cir. 2021).

[18] *Id.* at 855 (internal quotation marks omitted) (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

[19] *Id.* (internal quotation marks omitted) (quoting *Childress*, 932 F.3d at 1172).

[20] *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)).

[21] *Dean v. Bradford Ests., LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)). The district court may also consider the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Vines*, 9 F.4th at 855. Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717–19).

Burks, and 1.0 hours by a person identified as RL.[22]  After a careful line-by-line review, the Court concludes that the hours claimed by paralegal Sara Cowie (14.8 hours) and Plaintiffs' attorney Chris Burks (2.7 hours) can all be reasonably included in the lodestar calculation.[23]

But what about the one hour claimed by the person (most likely a paralegal) identified as RL?[24]  After reviewing each of RL's entries, the Court has determined it necessary to reduce RL's total time billed from 1.0 hours to 0.6 hours.[25]  The problem lies with four specific entries that each involve responding to an email.[26]  RL claims 0.2 hours (12 minutes) per email response, totaling 0.8 hours for the four email-response entries.[27]  These entries are unreasonable in light of Sara Cowie's (another paralegal's) entries, which only claim 0.1 hours (6 minutes) per email response.[28]  Thus, the Court finds that 0.4 hours of RL's time billed responding to emails were not reasonably expended.  Accordingly, the Court concludes that only 0.6 hours out of RL's billed 1.0 hours can be reasonably included in the lodestar calculation.  This is the only time reduction the Court makes.  All told, the Court includes 15.4 hours expended by paralegals (14.8 hours by Sara Cowie and 0.6 hours by RL) and 2.7 hours expended by attorney Chris Burks in its lodestar calculation.

---

[22] *See* Ex. A (Att'y Invoices) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-1) at 1–3, 6–7.

[23] *See id.*

[24] *See id.* at 6.  Based on the work RL performed and the rate at which RL billed ($100 per hour), it is apparent that RL is a paralegal.  *Id.*  Using Sara Cowie (a paralegal) for comparison leads to the same conclusion because RL performed similar tasks to Sara Cowie and billed at the same rate.  *Compare id.* at 6 (showing RL billing a rate of $100 and tasks like responding to client emails and setting administrative tasks), *with id.* at 1–3 (showing Sara Cowie billed mostly at a rate of $100 per hour for similar tasks).

[25] *See* Ex. A (Att'y Invoices) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-1) at 6.

[26] *See id.* (entries from February 11, 2025, to February 12, 2025).

[27] *See id.*  The only entry of these four that is not billed for 0.2 hours is the third entry on February 12, 2025, which is billed for 0.3 hours.  *Id.*  Because that entry includes setting a task, the Court attributes 0.2 hours of that time to an email reply and reduces it accordingly.  *Id.*

[28] *See, e.g.*, Ex. A (Att'y Invoices) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-1) at 1–2 (showing, for example, at least two entries, on April 10, 2024, and January 3, 2024, where Sara Cowie billed an email for 0.1 hours).

Now the Court looks to the prevailing rates for attorneys and paralegals in the area.[29] Plaintiffs' attorney Chris Burks claims that a rate of $250 per hour for an experienced attorney and $125 per hour for an experienced paralegal is reasonable in this area.[30]  The Court agrees with the former and disagrees with the latter.  An experienced attorney with Mr. Burks' credentials in central Arkansas can reasonably obtain an hourly rate of $250.[31]  (Consistent with Mr. Burks' claimed rate, the Court reduces the one entry that Mr. Burks billed at a rate of $300 per hour to the reasonable rate of $250 per hour.)  As it relates to the paralegals Sara Cowie and RL, the Court disagrees that a reasonable rate for an experienced paralegal in this area is $125 per hour.[32]  This conclusion is bolstered by Plaintiffs' own entries.  RL's entries are billed at $100 per hour, which is reasonable in the Eastern and Western Districts of Arkansas.[33]  Similarly, most of Sara Cowie's entries are billed at $100 per hour.[34]  The Court adopts the rate of $100 per hour and reduces any of Sara Cowie's entries billed at $125 per hour down to that reasonable rate.

Conducting the lodestar calculation with the foregoing inputs, here's where the Court lands. Sara Cowie may claim 14.8 hours at a rate of $100 per hour, for a total of $1,480.00.  Plaintiffs' attorney Chris Burks reasonably worked 2.7 hours at a rate of $250 per hour, for a total of $675.00. And finally, RL may claim 0.6 hours at a rate of $100 per hour, for a total of $60.00.  Added

---

[29] *See supra* page 3.

[30] *See* Ex. B (Decl. of Att'y Chris Burks) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-2) ¶¶ 19–20.

[31] *See, e.g.*, *Mitchell v. Brown's Moving & Storage, Inc.*, No. 4:19-CV-783-LPR, 2023 WL 2715027, at *3 (E.D. Ark. Mar. 29, 2023) (reducing an experienced attorney's fee down to $250 per hour in a FLSA case and noting that "Judges in the Eastern and Western Districts of Arkansas routinely reject as unreasonable hourly rates of $300+ . . . ."); *see also* Ex. B (Decl. of Att'y Chris Burks) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-2) ¶¶ 15–18 (describing Mr. Burks' credentials and experience).

[32] *See Mitchell*, 2023 WL 2715027, *3, *9 (approving a rate of $100 per hour for a paralegal, while finding rates of $125 and $175 reasonable for junior attorneys).

[33] *See* Ex. A (Att'y Invoices) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-1) at 6.

[34] *See id.* at 1–3, 6–7.  Some of Sara Cowie's entries are billed at $125 per hour, but there is no meaningful distinction between the entries where she bills at $100 per hour and the entries billed at $125 per hour.  *See id.*

together, the lodestar is $2,215.00. Although the Court may adjust this lodestar upward or downward, the Court sees no particular reason to do so in this case. Consequently, the Court awards Plaintiffs $2,215.00 in attorney's fees.

With attorney's fees handled, the Court proceeds to evaluate the Plaintiffs' claimed costs of $881.54.[35] After reviewing each entry line-by-line, the Court finds that these costs were reasonably expended in this case.[36]

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Costs and Attorneys' Fees (Doc. 26). The Court awards $2,215.00 in attorney's fees and $881.54 in costs.

IT IS SO ORDERED this 6th day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[35] *See* Ex. B (Decl. of Att'y Chris Burks) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-2) ¶ 23.

[36] The only question the Court had on this front was accounting for three blank entries. *See* Ex. A (Att'y Invoices) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-1) at 4. The entries, when matched up with the case docket, however, are entirely reasonable. The first blank entry for $143.09 on September 27, 2023, corresponds with the service of a summons and complaint executed to Andy Wittchow. *See id.*; Doc. 5. The second blank entry for $140.60 on January 5, 2024, corresponds with the service of a summons and complaint executed to Minute Club LLC. *See* Ex. A (Att'y Invoices) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-1) at 4; Doc. 8. And finally, the blank entry for $1.38 on January 30, 2025, matches up with a Notice of Hearing sent to Andy Wittchow. *See* Ex. A (Att'y Invoices) to Pls.' Mot. for Att'y Fees and Costs (Doc. 26-1) at 4; Doc. 19.